Joseph T. Sucec, Esq.
Attorney for Plaintiff
325 Peach Glen-Idaville Road
Gardners, PA 17324
717-315-2359
joesucec@comcast.net
PA74482

## IN THE UNITED STATES COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTINA PRUKALA              :
    plaintiff              :
    v.              :    No. 3:15-CV-881
Macy's, Inc              :
7 West Seventh Street              :
Cincinnati, OH 45202              :
and              :
JOHN DOES 1-10              :
and              :
CORPORATIONS X,Y,Z.              :
    defendant              :    CIVIL ACTION - LAW
                              :    CLASS ACTION
                              :    JURY TRIAL DEMANDED

## AMENDED COMPLAINT FOR DAMAGES
## INTRODUCTION

1    Christina Prukala ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Macy's, Inc ("Defendant"), in negligently, in violation of the Fair Debt Collection Practices Act, 15 USC 1692 et. Seq. ("FDCPA"), the Fair Credit Reporting Act, 15 USC 1682 et seq. ("FCRA"), the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. §§ 2270.1 **et seq**. ("FCEUA") as well as several state-level causes of actions. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorney.

## JURISDICTION AND VENUE

2     Jurisdiction is proper under 42 Pa. Code 931, which grants plenary jurisdiction to the Court of Common Pleas.

3     Because Plaintiff avers and alleges a state-wide class of victims of violations of both statutes listed above by Defendants, and aver that said class meets the criteria for class actions related in 231 Pa. Code 1700 et seq, (explained in detail in ensuing paragraphs), jurisdiction is also asserted for the Court of Common Pleas.

4     Further, Venue is proper in the Court of Common Pleas of this county as Plaintiff is at all times relevant, and still is, a resident of Lackawanna County, Pennsylvania

## PARTIES

5     Plaintiff is, and at all times mentioned herein was, a citizen and resident of the Commonwealth of Pennsylvania and, for the purposes of the statute purported to be violated here, a "person" as defined by 1 Pa.C.S. 1991 (referring to construction of Pennsylvania statutes)

6     Defendants are the following:

     a     Macy's, Inc, 7 West Seventh Street, Cincinnati, OH 45202 is a corporate entity engaged in. among other enterprises, retail sales to individuals, and is similarly defined as a "person."

     b     John Does 1-10, individuals or business entities whose identities are not

known to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such Does played a substantial role in the commission of the acts (regarding all counts) described in this complaint.

c    X,Y,Z Corporations, business identities whose identities are not known to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such entities played a substantial role in the commission of the acts (regarding all counts) described in this complaint.

## FACTUAL ALLEGATIONS

7    Plaintiff is, and at all times mentioned herein were, a "person" as defined by 1 Pa.C.S.  1991

8    Defendant is, and at all times mentioned herein was, a corporation and "a person" as defined by 1 Pa.C.S. 1991

9    Defendant does extensive business in the Commonwealth.

10    Defendant, in part through the placement of information on Plaintiff's Consumer Credit Report, acted to collect on an alleged "consumer debt" against Plaintiff Christina Prukala.

11    The alleged debt that Defendant was trying to collect from Plaintiff was for Plaintiff's personal, household or family purposes, and was therefore a consumer debt as that term is defined by 15 USC1692a of the FDCPA

12    Prior to the commencement of this lawsuit, Plaintiff had an account with

Defendant, with a partial account number of 0284

13    Said account was used for Plaintiff's personal, family and household purposes.

14    Prior to the commencement of this action, Defendant caused certain information about the alleged account mentioned in paragraph 12 to be placed on Plaintiff's consumer report.

15    Such information was updated by Defendant to the Credit Reporting Agencies (CRAs) on a regular basis, and are reflected on Plaintiff's Consumer Credit Report.

16    The inaccurate information negatively reflects upon Plaintiff , Plaintiff's credit repayment history, Plaintiff 's financial responsibility as a debtor and Plaintiff's credit worthiness.

17    At the time of the commencement of this action, Defendant continued to report and update the information about the account to those Credit Reporting Agencies, but failed to communicate to the CRAs that the account was disputed even though Defendant knew or should have known that Plaintiff disputed the alleged debt.

18    Defendant had actual and/or constructive notice that Plaintiff disputed the account because of:

    A    A dispute letter from Plaintiff to Defendant regarding a account Plaintiff has/had with Defendant (see attached exhibits; original state Complaint))

    B    A  response letter from Defendant stating that the debt was sold or transferred but refusing to remove the debt or mark in disputed in compliance

with the statute. (see attached exhibits)

19    Notwithstanding such actual or constructive notice of Plaintiff's dispute(s) for the alleged debt, Defendant continued to report and update the account information on Plaintiff's consumer report without either reinvestigating said derogatory information or notating on the report that the account was disputed.

## VICARIOUS LIABILITY

20    By evidence of  Plaintiff's credit report, there is an implicit if not express contract between Defendant, and any agent, either under the employ of Defendant in which said agent was tasked with accessing consumer credit reports on behalf of Defendant.

21    Said contract creates a master-servant relationship between said agents and Defendant., rendering Defendant vicariously liable for any actions taken by said agents in the scope of said relationship, **Valles v. Albert Einstein Medical Center, 805 A.2d 1232, 1237 (Pa. 2002)**

22    Therefore, Defendant is responsible for any actions by agents, either tortious or violative of the relevant statute in this matter.

## CLASS ACTION ALLEGATIONS

23    Plaintiff brings this action on behalf of Plaintiff and on behalf of and all others similarly situated ("the Class").

24     The elements for a class action in Pennsylvania are contained within 231 Pa. Code 1702:

**Rule 1702. Prerequisites to a Class Action.**

 One or more members of a class may sue or be sued as representative parties on behalf of all members in a class action only if

   (1)  the class is so numerous that joinder of all members is impracticable;

   (2)  there are questions of law or fact common to the class;

   (3)  the claims or defenses of the representative parties are typical of the claims or defenses of the class;

   (4)  the representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in Rule 1709; and

   (5)  a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708.

25     Plaintiff represents and is a member of the Class, consisting of all persons within the Commonwealth who disputed information on their consumer credit reports to Defendant, disputes which were never thus reported on Plaintiff's Consumer credit Report.

26     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

27     This suit seeks only statutory damages as well as damages and injunctive relief for recovery of economic injury on behalf of the Class and is expressly not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

28    The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

29    There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

A    Whether, within the statutorily permitted period prior to the filing of the ' initial Complaint, Plaintiff disputed any information on Plaintiff's Consumer Credit Report, only to have Defendant refuse to mark the relevant notation on said report as disputed in violation of 15 USC 1692e(8)

B    Whether, within the stautorily permitted period prior to the filing of the initial Complaint, Defendant both refused to reinvestigate the derogatory information, and failed to update said information on a timely basis, including but not limited to failing to report that said information was disputed

C    the extent of damages for such violation; and

D    Whether Plaintiffs and the Class members were damaged thereby, and

E    Whether Defendant should be enjoined from engaging in such conduct in the future.

30    As a person who had a dispute on her consumer credit report, unnotated by

Defendant in violation of 15 USC 1692e(8), 15 USC 1681n, 15 USC 1681o, Plaintiff is asserting claims that are typical of the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

31     Plaintiff will fairly and adequately represent and protect the Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.

32     If the Class is not certified for this action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

33     Absent a class Plaintiff has retained counsel experienced in handling class action claims

34     A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and Commonwealth law. Management of the claims inherent in this case is likely to present significantly fewer difficulties than those presented in many class claims.

35     Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**COUNT ONE – Violations of the  Fair Debt Collection Practices Act,  15 USC 1692 et. Seq. - Failure to Report Account as Disputed**

36     Plaintiff incorporates by reference all previous paragraphs of this Complaint as though fully stated herein.

37     The failure by Defendant to report a credit report dispute as disputed (as so described in paragraphs 7-18 of this Complaint) is a direct violation of 15 USC 1692e(8) of the FDCPA

38     Any mistake by Defendant would have included a mistake of law, but would not have been either a reasonable or bona fide mistake.

39     Plaintiff reserves the right to pierce the corporate veil under the doctrines of undercapitalization and alter ego.

WHEREFORE, Plaintiff prays for the following relief:

a     As a result of Defendants' negligent violation of **15 USC 1692e(8)**, Plaintiff seeks for Plaintiff and each Class member any actual damages including but not limited to telephone, postage and other expenses incurred in investigating these claims. Plaintiff estimates these damages for Plaintiff at $1.00

b     Statutory damages of $1,000 per Plaintiff as per 15 USC 1692k

c     An incentive fee of $5,000.

d     Damages for pain, suffering and humiliation that will be determined at trial but are thus estimated at $10,000

e     Reasonable attorneys fees for pursuit of this matter; submitted by Plaintiff's counsel to be 4.25 hours at the rate of $500 per hour, or $2,125 dollars.

f     Injunctive relief prohibiting such actions by Defendant in the future.

g   Any other relief the Court may deem just and proper.

## COUNT TWO
## VIOLATIONS OF THE FAIR CREDIT UNIFORMITY ACT

40   Plaintiff incorporates by reference all previous paragraphs of this Complaint as though fully stated herein.

41   At all times pertinent hereto Defendant is a "person" as that term defined by 15 U.S.C. § 1681a(b).

42   Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct:

A   willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

B   willfully and negligently failing to review all relevant information concerning Plaintiff account provided to Defendant;

C   willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

D      willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

E      willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

F      willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to credit reporting agencies and other entities; and

G      willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

43      Defendant BAC's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendants BAC is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

WHEREFORE, Plaintiff prays for the following relief:

a       As a result of Defendants' negligent violation of various provisions of the Fair Credit Reporting Act, Plaintiff seeks for Plaintiff and each Class member any actual damages including but not limited to telephone, postage and other expenses incurred in investigating these claims. Plaintiff estimates these damages for Plaintiff at $1.00

b       Statutory damages of $1,000 per Plaintiff

c       An incentive fee of $5,000.

d       Damages for pain, suffering and humiliation that will be determined at trial but are thus estimated at $10,000

e       Reasonable attorneys fees for pursuit of this matter; submitted by Plaintiff's counsel to be 4.25 hours at the rate of $500 per hour, or $2,125 dollars.

f       Injunctive relief prohibiting such actions by Defendant in the future.

g       Any other relief the Court may deem just and proper.

## COUNT THREE - DEFAMATION

44      Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

45      At the times pertinent hereto, Defendant has published statements both orally and through writing to various credit reporting agencies, collection agencies and/or attorneys that are false and negative representations concerning Plaintiff's credit information and history.

46     At a minimum, Defendant has published these statements each time Plaintiff has notified Defendant and other credit reporting agencies of Plaintiff's dispute and each time a credit reporting agency has reinvestigated the dispute.

47     The statements made by Defendant are false.

48     Defendant has published these statements to at least the relevant CRAs in this matter.

49     Defendant knew that the statements were false when made and had no factual basis for making the statements, as Plaintiff had notified them that the statements were false for the above-mentioned reasons and, nonetheless, it continues to publish such statements up through the present time.

50     The written statements and publications constitute libel per se.

51     The oral statements and publications constitute slander per se.

52     In addition, and despite the repeated notices from Plaintiff, Defendant has acted

with malice by failing to communicate the information provided to them by Plaintiff to credit reporting agencies when responding to the reinvestigation attempts of such credit reporting agencies.

53    The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to compensate Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted by law.

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiff prays for the following:**

a. Actual damages for said defamation including but not limited to, any lost wages or business opportunities which occurred as a result of Defendant's harassment, any physical ailments and/or injuries which may have resulted as a direct or indirect cause of Defendant's defamation, as well as any other costs or injuries that would not have occurred but for Defendant's harassment. Plaintiff estimates this total, including but not limited to lost time in dealing with said defamation, and in seeking and contacting legal counsel for the purpose of exploring and commencing this litigation, at $1,000

b. An incentive fee of $5,000.

c. Punitive damages of $10,000.

d. Reasonable attorneys fees for pursuit of this matter, at the rate of $500 per hour, as follows:

    1. Client consultation and review of file.             2.5

    2.. Drafting of complaint, editing, review with client document processing and filing           1.5

    3. Service of process of writ and complaint          .25

                                      _____

                                      4.25 hours

For a total of $2,125 dollars.

e. Pursuant to **73 P.S. § 2270.4**, injunctive relief prohibiting such actions by Defendant in the future.

f. Any other relief the Court may deem just and proper.

## COUNT FIVE -

## VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT

## ("FCEUA")

54    Plaintiff incorporate the foregoing paragraphs as though the same were set forth at length herein.

55    Defendant is "creditor" as defined by 73 P.S. § 2270.3 of the FCEUA.

56    Plaintiff is a "consumer" as defined by 73 P.S. § 2270.3 of the FCEUA.

57    The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 73 P.S. § 2270.3 of the FCEUA.

58    Any violation of the FCEUA constitutes an unfair or deceptive act or practice in violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, **et seq**. (hereafter the "CPL") and entitles a consumer, **inter alia**, to the relief available under the CPL.

59    Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices, by attempting to collect the alleged debt in violation of the FCEUA. Defendant violated the FCEUA as to the Plaintiff.  Defendant's violations include, but are not limited to, violations of 73 P.S. § 2270.4(a), as evidenced by the following conduct:

A    The false representation of the character, amount or legal status of any debt;

B    Communicating or threatening to communicate to any person credit

information which is known or should be known to be false, including the failure

to communicate that a debt is disputed; and


C     using false representations and deceptive means to collect or attempt to

collect a debt.


60     Defendant's acts as described above were committed with malicious, intentional,

willful, reckless, wanton and negligent disregard for the rights of the Plaintiff under the

law and with the purpose of coercing to pay for the alleged missed mortgage payment.

61     As a result of the above violations of the FCEUA, Defendant is liable to Plaintiff

in the sum of statutory damages, actual damages and attorneys' fees and costs.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following:


a.  As a result of Defendants' negligent violations of **73 P.S. § 2270.4**, Plaintiff seeks for
herself and each Class member any actual damages sustained as a result of Defendants'
behavior violative of the statute.Plaintiff estimates this total, including but not limited to
lost time in dealing with said violations, and in seeking and contacting legal counsel for
the purpose of exploring and commencing this litigation, at $1,000

b. An incentive fee of $5,000.

c. Punitive damages of $10,000.

d. Reasonable attorneys fees for pursuit of this matter, at the rate of $500 per hour, as follows:

    1. Client consultation and review of file.             2.5

    2.. Drafting of complaint, editing, review with client document processing and filing             1.5

    3. Service of process of writ and complaint        .25

                                      _____

                                      4.25 hours

For a total of $2,125 dollars.

e. Pursuant to **73 P.S. § 2270.4**, injunctive relief prohibiting such actions by Defendant in the future.

f. Any other relief the Court may deem just and proper.

### COUNT SEVEN –

### NEGLIGENCE

62    Plaintiffs incorporate the foregoing paragraphs as if the same were set forth at length herein.

63      Defendant's negligence consists of the following:

A       Violating the FCRA as set forth above;

B       Violating the FCEUA and CPL as set forth above;

C       Disregarding Plaintiff's rights and failing to comply with the laws and regulations of the Commonwealth of Pennsylvania as set forth above;

D       Failing to report the inaccurate status of the inaccurate information to all credit reporting agencies, including those agencies to whom Defendant originally furnished information; and

E       Failing to delete or correct the inaccurate information.

64      As a result of Defendant's above-mentioned conduct, Plaintiff sustained and continue to sustain the losses and damages as set forth above.

65     The conduct of Defendant was a direct and proximate cause, as well as a

substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff

that are outlined more fully above and, as a result, Defendant is liable to compensate the

Plaintiff for the full amount of actual and compensatory damages, as well as such other

relief, permitted under the law.


**PRAYER FOR RELIEF**

**WHEREFORE, Plaintiff prays for the following:**


a. Actual damages for said negligence including but not limited to, any lost wages or

business opportunities which occurred as a result of Defendant's harassment, any

physical ailments and/or injuries which may have resulted as a direct or indirect cause of

Defendant's negligence, as well as any other costs or injuries that would not have

occurred but for Defendant's negligence. Plaintiff estimates this total, including but not

limited to lost time in dealing with said negligence, and in seeking and contacting legal

counsel for the purpose of exploring and commencing this litigation, at $1,000

b. An incentive fee of $5,000.

c. Punitive damages of $10,000.

d. Reasonable attorneys fees for pursuit of this matter, at the rate of $500 per hour, as
follows:

    1. Client consultation and review of file.                    2.5

    2.. Drafting of complaint, editing, review with client document processing and
    filing                                                        1.5

3. Service of process of writ and complaint       .25

$$\overline{\phantom{xxxxxxxxxx}}$$

4.25 hours

For a total of $2,125 dollars.

e. Pursuant to **73 P.S. § 2270.4**, injunctive relief prohibiting such actions by Defendant in the future.

f. Any other relief the Court may deem just and proper.

## COUNT EIGHT –

## INVASION OF PRIVACY/INTRUSION UPON SECLUSION

66      Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

67      Defendant's above actions violated Plaintiff's right of privacy by intentionally intruding upon the solitude of the Plaintiffs.

68      By such unauthorized invasion, Defendant invaded Plaintiff's right to privacy, destroyed Plaintiff's peace of mind, and caused Plaintiff severe mental and emotional distress.

69     The conduct of Defendant was a direct and proximate cause, as well as a

substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff

that are outlined more fully above and, as a result, Defendant is liable to compensate the

Plaintiff for the full amount of actual, compensatory and punitive damages, as well as

such other relief, permitted under the law.

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiff prays for the following:**

a. Actual damages for said invasion of privacy including but not limited to, any lost

wages or business opportunities which occurred as a result of Defendant's harassment,

any physical ailments and/or injuries which may have resulted as a direct or indirect

cause of Defendant's harassment, as well as any other costs or injuries that would not

have occurred but for Defendant's harassment. Plaintiff estimates this total, including but

not limited to lost time in dealing with said telephone calls, and in seeking and

contacting legal counsel for the purpose of exploring and commencing this litigation, at

$1,000

b. An incentive fee of $5,000.

c. Punitive damages of $10,000.

d. Reasonable attorneys fees for pursuit of this matter, at the rate of $500 per hour, as
follows:

    1. Client consultation and review of file.                    2.5

    2. Drafting of complaint, editing, review with client document processing and

filing                                          1.5

  3.  Service of process of writ and complaint          .25
                                        _____
                                        4.25 hours
For a total of $2,125 dollars.


e. Pursuant to **73 P.S. § 2270.4**, injunctive relief prohibiting such actions by Defendant in the future.


f.  Any other relief the Court may deem just and proper.

                            Respectfully submitted,

Date: 5/20/2015                         /s/ Joseph T. Sucec, Esq.


                                        _____
                                        Joseph T. Sucec, Esq.